# Cover LETTER

82,753-0

To: CLERK, Of Texas Court Of Criminal Appeals

This document contains some pages that are of poor quality at the time of imaging.

Please find enclosed Relator's, Original Petition For Writ Of Mandamus, and Seven (7) sets Of supporting Exhibits. I request the listed documents be filed in the Court of Criminal Appeals, and brought to the Court's attention as soon as possible., Please.

I would've had copies made for the Court, but in Lubbock County the administration dose not allow us to make copies, Or go to the Law Library. Please excuse any inconveniences i've created.

Thank you in advance for your assistance in this matter.

Executed January 15, 2015          Respectfully, Anthony Hereford

Anthony Hereford
S.C. # 144054
Lubbock County Jail
P.O. Box 10535
Lubbock, Tx 79408-353

Abel Acosta, Clerk

JAN 20 2015

COURT OF CRIMINAL APPEALS
RECEIVED IN

## IDENTITY OF PARTIES

RELATOR,

ANTHONY G. HEREFORD, Jr.,
PRO SE, Petitioner

RESPONDENT,

HONORABLE JIM BOB DARNELL, Presiding
JUDGE 140th DISTRICT COURT, OF LUBBOCK
COUNTY, TEXAS

# TABLE OF CONTENTS

CONTENTS                                                                 PAGE(S)

Idenity Of Parties.................................(1)

Table Of Authorities................................2

Original Petition For Writ of Mandamus  and Jurisdiction St- -atement .................................(3-4)

Statement Of The Facts/Case.................(4)

Arguments: In Support Of Writ.............(5-6-7-8-9)

(A.) Denial Of Due Process

(B.) The Trial Judge Abuses Discretion/Advocating For State

Relief Requested.................................(9)

Prayer .........................................(9)

Declaration .....................................(10)

Affidavit: Chapter 14 Texas Civil Practice and Remedies Code.................................

Exhibits ....................................

(1). Motion For Conflict Free Counsel and Motion Request- -ing Ruling

(2) Motion For Speedy Trial, Motion Requesting Ruling, And Request For Court Appointed Counsel

(3) Motion To Dismiss Due To Violation Of Right to Speedy Trial

(4) Indictment: Cause No. 2007-416,291, and Motion For Speedy Trial

(5) Motion For Conflict Free Counsel (Appeal), Motion Requesting Ruling, and Notice Of Removal and Assignment of Counsel (Appeal)

(6) Indictments: Cause No.(s) 2012-433,832, 2012-433, 833, 2012-433,834, 2012-434,661, 2011-432,859, 2011-432,860, And 2007-416,857

(A) (B) (C) (D) (E) (F) (G)

(7) Support Documentation Of Complaints and Grievances, against Judge Jim Bob Darnell And Counsel David Crook.

## TABLE OF AUTHORITIES

Barker V. Wingo, 407 U.S. at 515, 92 S.Ct. 2182

Deters V. Collins, 958 F.2d 789 (5th Cir. 1993

Doggett Id. at 655, 112 S.Ct. 2686.

Eli Lilly and Co. V. Marshall, 829 S.W. 2d 157, 158 (Tex. 1992).

Engle V. Coker, (App. 9 Dist. 1991) 820 S.W. 2d 247

Gideon V. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963).

Haines V. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 95-96 30 L.Ed. 2d 652 (1972).

Henley V. State, 576 S.W. 2d 66 (Tex. Crim. App. 2002).

Melendez V. State, (App. 13 Dist. 1996) 929 S.W. 2d 595.

Safety- Kleen Corp. V. Garcia, 945 S.W. 2d 268, 269.

State V. Manley, 220 S.W. 3d 116

United States V. McCoy, 786 F. Supp. 2d 1216

Zamorano V. State, 84 S.W. 3d 643, 647 (Tex. Crim. App. 2002).

# TEXAS
## COURT OF CRIMINAL APPEALS

IN CAUSE No(s). 2011-432,860, 2012-433,832, 2012-433,833, 2012-433,834, 2011-432,859, 2007-416,857, 2007-416,291, 2012-434,661, 2007-444,857, and 2011-467,699

IN Re ANTHONY GEORGE HEREFORD, JR.,

                              Relator

V.

HONORABLE JIM BOB DARNELL, Presiding
Judge 140th District Court, Lubbock County,
Texas

                              Respondent

## ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS: COMES NOW, Anthony G. Hereford, Jr., (Relator) in the styled and numbered cause(s), and respectfully files his Writ of Mandamus.

Acting Pro Se, Relator has Properly filed Motions For Conflict Free Counsel (Exhibit 1A), Motion Requesting Ruling (Exhibit 1B), Motion For Speedy Trial (Exhibit 2A), Motion Requesting Ruling (Exhibit 2B), and Motion For Appointment of Counsel (Exhibit 2C), in the 140th District Court, Lubbock County, Texas. Judge Jim Bob Darnell, has abused his discretion, not considering nor ruling upon the Properly filed Motions., and in support thereof Relator will now show the Court the following:

## JURISDICTION STATEMENT

### JURISDICTION §§ 22.221

1) Court of Appeals has Mandamus Jurisdiction in Criminal law matters Concurrent with Court of Criminal Appeals. See Engle V. Coker, (App. 9 Dist. 1991) 820 S.W. 2d 247.

2.) Each Court of Appeals or a Justice of a Court of Appeals may issue a Writ of Mandamus and all other Writs necessary to enforce the Jurisdiction of the Court.

3.) Relator, is not an Attorney, he is acting Pro Se, and request the Court Construe his Writ of Mandamus in a liberal manner. See Haines V. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 95-96 30 L.Ed. 2d 652 (1972).

4.) Relator is not an officer of the Court, he has no way of ord- -ering the District Court to act, and there are no other legal remedies of Law avaliable to help resolve this matter.


## STATEMENT OF THE CASE

1.) On November 17, 2014, Relator, filed his Motion For Conflict Free Counsel (Exhibit 1) and also Motion Requesting Ruling (Exhibit 1), and on March 27, 2014, Relator, filed his Motion For Speedy Tr- -ial (Exhibit 2), Motion Requesting Ruling (Exhibit 2) and Mot- -ion For Appointment of Counsel, in reference to the above listed Cause No(s).. All listed Motions are filed and Pending in the 140th District Court, Lubbock County Texas. The Honorable Judge Jim

Bob Darnell, neglect's his ministerial duty to consider and/or rule upon Properly filed and Pending motions before his Court. See <u>Safety-Kleen Corp. V. Garcia</u>, 945 S.W. 2d 268, 269. The listed Motions have been called to the Courts attention by Motion Requesting Ruling addressed to the District Court in question, and the District Clerk has informed the Court of the Motions.

## <u>ARGUMENTS: IN SUPPORT OF WRIT</u>

A.) <u>DENIAL OF DUE PROCESS</u>

1.) In neglecting to consider or rule upon Relator's Properly filed Motion for Conflict Free Counsel (Exhibit 1), the listed Judge abuse's his discretion. see <u>Safety-Kleen Corp. V. Garica</u>, holding: When a Motion is Properly filed and Pending before a Trial Court the act of giving Consideration and ruling upon that Motion is a Ministerial Act and Mandamus may issue to Compel the Trial Judge to act.

2.) The Trial Courts failure to act, cause's Relator to face trial with Counsel the Court has been Put on notice a Conflict of intrest exsist. see <u>Gideon V. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed. 2d 799 (1963). holding: A defendant who must face felony charges without the assistance of Counsel guaranteed by the Sixth Amendment has been denied "due Process" of Law. To not consider and rule upon the above listed Motion For Conflict Free Counsel, the Trial Court will have made a contribution to Relator's, denial of due Process of law. see <u>Henley V. State</u>, 576 S.W. 2d 66 (Tex. Crim. App. 1978). holding: A

defendant must not needlessly be denied due Process by a Trial Court and suffer the emotional rigors and expense of a criminal trial and Possibly incarceration Pending appeal only to be afford--ed due Process months or even Years later by an appellante C--ourt.     In reference to Relator, and Trial(s) held before Judge Jim Bob Darnell, denial of due Process has been a regular Occurrence. Relator, would direct the Court's attention to two (2) Previous adverse Rulings made by the listed Judge: most recent in <u>Hereford V. State</u>, No. 07-13-00180-CR, 2014 Tex. App. LEXIS 10073, at #22 (Tex. App.—Amarillo September 8, 2014, no Pet.) holding: After Concluding that the trial Court co--mmitted reversible error in allowing the State to introduce impermissible hearsay Statements in violation of the Confrontation clause, we rendered Judgm--ent reversing the conviction and remanding the cause to the trial Court, and in <u>Hereford V. State,</u> No. 07-08-0315-CR, holding: Appellant next contends that the evidence of drugs upon which his conviction was based Should have been suppressed given the manner in which it was obtained. He believed it to be unreasonable, excessive, and <u>a violation of due Process.</u> The Trial Court rejected the argument but why it did went unexplained. <u>We sustain the issue.</u>

3.) Further, is the matter Presently before the Court, in which Re--lator, again face's denial of due Process of law When the Trial Court fails to Conduct a hearing or render decision On his Motions. See <u>Eli Lilly and Co. V. Marshall,</u> 829 S.W. 2d 157, 158 (Tex. 1992).

B.) <u>THE TRIAL JUDGE ABUSE'S DISCRETION / ADVOCATING FOR STATE</u>

**1)** Relator, has requested a speedy trial, and he has not waived his right to a speedy trial. The State had 120 days of the commencement

Of a Criminal Action if the defendant is accused of a felony, accor--ding to Tex. Code Crim Proc. Art. 32A.02, the Speedy Trial Act. Relator, filed his Motion For Speedy Trial (Exhibit 2), on the 27th day of March 2014, ten (10) months have lapsed, and no Trial has been Conducted on the listed Cause No(s)., in the Motion For Speedy Trial. Relator, follow--ed with his Motion To Dismiss Due To Violation Of Right To Speedy Trial, filed July 22, 2014. (Exhibit 3).

2.) Not Considering or ruling on Relator's Properly filed motions is a re--gular occurrence with Judge Jim Bob Darnell, and in the mean time the State is being allowed to indefinitly Sit on Pending Charge's, and later force Relator to try and defend himself against overly Stale C--harge's. Relator, directs the Court's attention to Exhibit _4_ his Motion for Speedy Trial in Cause No. 2007-416291. The Motion Shows to be executed by Relator on January 27, 2010, trial was held m--ay _16_, 2013. In reference to the Motion for Speedy Trial, the Court denied the Motion without giving any reason during the May _16_, 2013 Trial. Due to Trial error unrelated to Relator's Motion For Speedy Trial he now faces a Possible re-trial for the overly Stale 2007, Crim--inal Offense Poss. INT. DEL. CS PG1 4-200.

3.) Relator, cannot begin to Appeal a decision on his current mo--tion For Speedy Trial (Exhibit 2), due to the fact the Trial Court refuses to Consider or rule. The deliberate refusal is being Preformed In favor of the Prosecution. Allowing the State to Side Step Relator's Sixth Amendment United States and Texas Constitutional right--to a Speedy Trial. See Barker V. Wingo, 407 U.S. at 515, 92 S.ct. 2182, Also see Zamorano V. State, 84 S.W. 3d 643, 647 (Tex. Crim. App. 2002).

4.) The State's negligence, however innocent, militates against the State under the Barker, balancing test of whether Relator has been denied his right to Speedy Trial under Federal and State Constitution's. See <u>Melendez v. State</u>, (App. 13 Dist. 1996) 929 S.W. 2d 595.

5.) The Clock began to run in Cause No.(s) <u>2012-433,832, 2012-433, 833, and 2012-433,834,</u> Febuary 14, 2012, at Presentment of the Indictment's (Exhibits (A. B. C. ), in Cause No. <u>2012-434,661</u> ( Exhibit (d.), on the 24th day of April 2012, Presentment of the Indictment, in Cause No. <u>2011-432,859 and 2011-432,860</u> (Exhibits (E.F.), on the 15th day of November 2011, also in Cause No. <u>2007-444,857</u> (Exhibit (9), on the 10th day of July 2007, Present-ment of the indictment. See <u>U.S. v. McCoy</u>, 786 F. Supp. 2d 1216, also See <u>State v. Manley</u>, 220 S.W. 3d 116.

6.) With the Trial Court acting as advocate for the State, by not co-nsidering or ruling upon Relator's properly filed Motion(s) For Speedy Trial, and Motion To Dismiss Due To Violation Of Right To Speedy Trial., the State without appearing at fault is denying Relator his Sixth Amendment U.S. constitutional right to Speedy Trial and Art-icle I. § 10 of the Texas Constitution, as well as Article 1.05 of Texas Code Of Criminal Procedure. Relator is not being afforded Equal Protection of the Law, as provided by his United States Constitutional Fourteenth Amendment, and is being treated as if he dose not have any rights, by the Trial Court and the Prose-Cution.

7.) In Considering Relator's, above stated argument's the Court of Criminal Appeals will conclude Relator has been Prejudiced by

the delay created by the Trial Court's refusal to consider or rule upon Relator's Properly filed and Pending Motion(s), in ways that com-promise the reliability of a Trial in many ways that neither Party Can Prove or, identify. In doing So the Judge has intentionally en-gaged in delay tatics which are expressly designed to deny R-elator due Process of Law. See Doggett, Id. at 655, 112 S.ct 2686. See also Deters v. Collins, 958 F.2d 789 (5th Cir. 1993)

## RELIEF REQUESTED

IN GOOD FAITH, Relator, request the Trial Court be com-pelled to consider and rule upon his Properly filed and Pending Motion(s) listed and refered to herein his Writ Of Mandam-us, within a reasonable time frame. This Court instruct the the Trial Court in the action's and statutes Consistent with Controlling Law in relation to Relator's Constitutional Right to Speedy Trial, and the unjustified delay and lapse of time.

Further due to the Conflict Of Intrest, Stated within Relator's Motion For Conflict Free Counsel., Relator request this Court instruct the Trial Court to remove appointed Counsel David Crook. Grant Relator, any and all relief this Court deems necessary, including but not limited to DISMISSAL WITH PREJUDICE.

## PRAYER

WHEREFORE PREMISES, CONSIDERED, Relator PRAYs the Court Of Criminal Appeals will GRANT his Writ Of Mand-amus, compelling the Listed District Judge Jim Bob D-arnell, to act., and the requested Relief on the face of these Pleadings. Alternatively set his Writ Of Mandamus for a hearing if necessary.

Executed on January 15 2015.

*Anthony Hereford*
Anthony Hereford
Lubbock County Jail
P.O. Box 10535
Lubbock, TX 79408-3535

## DECLARATION 28 U.S.C. §1746

IN GOOD FAITH, I Anthony G. Hereford Jr., S.O. #144054 being Presently incarcerated in Lubbock County Jail, in Lubbock County, Texas, declare under Penalty Of Perjury that the foregoing is true and correct.

Executed On January 15 2015

*Anthony Hereford*
Anthony Hereford
S.O. # 144054
Lubbock County Jail
P.O. Box 10535
Lubbock, Tx 79408-3535

THE STATE OF TEXAS §

COUNTY OF LUBBOCK §

AFFIDAVIT

My name is Anthony G. Hereford, Jr., I am over twenty--One years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts therein stated.

In accordance with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code, I present in this detailed affidavit the prior actions and lawsuits I have filed as required by § 14.004 (a) of the Texas Civil Practice and Remedies Code.

1) Acting Pro Se, and Proceeding in forma Pauperis, I filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, on May 18, 2009, against Defendants Tony Williams, Jim Holmes, Rusty Arp, Felipe Flores, and Chief Dale Holton, all of the Lubbock Police Department; and Justin Tidwell, M.D., and Nurse Jerry Sims. Alleging excessive use of force during an illegal search, during a May 26, 2007 arrest. The listed Civil action No. 5: 09-CV-109-C, was resolved in an out of court settlement.

2) Acting Pro Se, I filed a complaint Pursuant to 42 U.S.C. § 1983, On September 27, 2013., against Defendant Amanda Mckinney S--ay, assistant District Attorney for the State, in Lubbock County, Texas. My claim was she violated my Constitutional rights with reg-

-ards to the actions took in Pursuing Criminal charges against me. Civil Action No. 5:13-CV-00222-C, was dismissed with Prejudice on October 21, 2014.

3). Acting Pro Se, I filed a Writ of Mandamus, requesting the Seventh Court of Appeals at Amarillo, compell Judge Jim Bob Da-rnell, Presiding in the 140th District Court of Lubbock County, Tex-as, consider and rule upon my Motion For Speedy Trial, Motion For Appointment of Counsel, and Motion Requesting Ruling. The Appeals Court denied the Petition No. 07-14-00294-CV, because Affiant failed to accompany his Petition with Copies of the doc-uments upon which he Sought action. Opinion issued August 5, 2014.

4.) I, refiled my Writ of Mandamus, with the documents attached for which I sought Action, Writ No. 07-14-00348-CV. Petition was denied October 17, 2014, for failure to comply with all requirements of Chapter 14 of the Texas Civil Pra-ctice and Remedies Code.

## DECLARATION 28 U.S.C. §1746

In Good Faith, I Anthony G. Hereford Jr., S.O. # 144054 being Presently incarcerated in the Lubbock County Jail, in Lubbock County, Texas, declare under Penalty of Perjury that the foregoing is true and Correct.

Executed on ___15___ 2015.

_Anthony Hereford_
Anthony Hereford
S.O. # 144054
Lubbock County Jail
P.O. Box 10535
Lubbock, TX 79408-3535

Exhibits

(Exhibit 1A.)

CAUSE NUMBERS. 2013-432,860, 2013-432,921, 2013-433,839, 2012-429,954, 2011-422,859, 2007-416,857, 2007-416,292, 2013-434,661, 2007-444,852, and 2011-467,699

THE STATE OF TEXAS

VS.

ANTHONY GEORGE HEREFORD, JR.

IN THE 290th District Court

OF

LUBBOCK COUNTY, TEXAS

## MOTION FOR
## CONFLICT FREE COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Anthony G. Hereford, Jr., in the above listed cause numbers, and request Counsel Free Of Conflict be appointed to represent Defendant in the Pending Criminal charges connected to the above listed cause numbers, and will show the Court the following:

It has been brought to Defendant's attention Counsel David Crook, has been appointed to represent Defendant in the above Pending listed cause numbers. A Conflict of Interest exist between Counsel for a number of cumulative Acts and Omissions, and the Conflict is not one which can be resolved.

The Sixth Amendment requires an inquiry into the possibility of Conflicts., see Colon V. Foss, 603 F.2d 403, 407 (1979). Counsel has an ethical obligation to avoid conflicting representation, and advise the Court Promptly when a conflict

Arises. See ABA Code Of Professional Responsibility, EC5-15., DR5-105.


## CUMULATIVE ACTS AND OMISSIONS

(1) 1. (A) Prior trial Counsel obtained trial information from Defendant, in "bad faith" without sound trial strategy, namely a letter written by co-defendant to trial Judge, that was used to impeach co-defendant's favorable testimony. (2) Counsel neglected to file requested pretrial motion to suppress evidence under Plain view doctrine, (3) Defendant, has now filed two grievance's against Counsel, (4) Defendant alleged that Counsel, was ineffective in his Bill of Exceptions, and (5) Defendant filed a Motion For Conflict Free Counsel, on January 7th 2024, against Counsel's wife and law Partner Karen Jordan, After (6) She would be reluctant to argue that her husband was ineffective during a Previous trial.

Counsel. David Crook, has not rendered Defendant any assistance in Accordance with that what the Sixth Amendment guarantee. It has been held: "Where representation in a criminal offense is a conflict of interest that does not require a Show of Prejudice to be unconstitutionally endangering to defendants right to Counsel. See _Cuyler v. Sullivan_, 100 S.Ct. 1708.

It has been held: that a defendant who must face felony charges in State Court without the assistance of Counsel Guaranteed by the Sixth Amendment has been denied "due Process" of law. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963).

A defendant must not needlessly be denied due Process by a trial Court and suffer the emotional rigors and expense of a Criminal trial and Possibly incarceration pending appeal only to be afforded due Process months or even Years later by an appellate Court. See Henley v. State, 576 S.W. 2d 66 (Tex. Crim. App. 1779.

## RELIEF REQUESTED:

The Court remove Counsel David Crook, from appointment of representation of Defendant in any and all legal matters. Due to the FACT an unresolvable Conflict of interest exsist. The Court appoint Counsel free of Conflict to represent Defendant in the Pending Criminal Charges. Failure to remove Counsel due to the Conflict of interest constituted through the above Acts and Omissions stated the Court will have made a Clear error in unconstitutionally endangering defendant the right to Counsel.

WHEREFORE, PREMISES CONSIDERED, Defendant Prays the Court will Grant his Motion For Conflict Free Counsel on the face of this Pleading. Alternatively, it is requested the Court set this motion for a hearing.

RESPECTFULLY Anthony Hereford
Anthony Hereford

## DECLARATION 28 U.S.C § 1746, and

## V.T.CA. Civil Practice and Remedies Code,

## § 132.001 - 132.003

I Anthony G. Hereford, Jr, T.D.C.J. No. 1864452, being presently incarcerated in Alfred Hughes Unit in Coryell County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 2014. _Anthony Hereford_

Anthony Hereford

Cause Numbers. 2011-433,860, 2012-433,832, 2012-433,833, 2012-433,834, 2011-432,859, 2007-416,857, 2007-446,262, 2012-434,661, 2007-444,857, and 2011-462,699

STATE OF TEXAS                          IN THE 140th DISTRICT Court
VS.                                     OF
Anthony George Hereford, Jr,            LUBBOCK COUNTY, TEXAS

## ORDER

On _____ 2014, Came on to be Considered Defendants MOTION FOR CONFLICT FREE COUNSEL, And Said Motion IS HEREBY: (Granted) (Denied).

_____
JUDGE PRESIDING

CERTIFICATE OF SERVICE

This is to certify that on _____ 2014, a true and correct copy of the above and foregoing document was served on the listed Counsel David Crook, Lubbock County, Texas.

_Anthony Hereford_

(Exhibit 1 B)

CAUSE NUMBERS. 2011-432,860, 2012-433,832, 2012-433,833, 2012-433,834, 2011-432,859, 2007-416,857, 2007-414,291, 2012-434,661, 2007-444,857, and 2011-447,699

THE STATE OF TEXAS                    IN THE 140th DISTRICT COURT

VS.                                   OF

ANTHONY GEORGE HEREFORD, JR,          LUBBOCK COUNTY, TEXAS

## MOTION REQUESTING RULING

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Anthony G. Hereford, Jr, Defendant, and brings this Motion Requesting A Ruling, And in Support thereof Will Show:

1) On the date of _____ _____, 2014, Defendant Submitted his Motion for Conflict Free Counsel, in the above listed Cause Numbers, requesting Conflict Free Counsel be appointed to represent Defendant.

2) No ruling has been issued on Defendant's Motion for Conflict free Counsel. In the interest of Justice, Defendant request a Ruling be issued within a reasonable time following this motion. For the Court not to issue a ruling would delay Justice in the listed Causes and Prejudice Defendant in delaying the process of trial.

3) A Trial Court is required to Consider and rule upon a Motion within a reasonable time. e.i. Barnes v. State, 832 S.W.2d 424, 426 (Tex. App. - Houston First Dist.) 1992). "When A motion is properly filed and Pending before a trial Court, the act of giving consideration

to and ruling upon that dispute is a __Ministerial Act,__ and Mandamus may issue to compel the trial Judge to Act." see __Safety-Kleen Corp. V. Garcia,__ 945 S.W. 2d 268, 267 (Tex. App - San Antonio 1997). Nevertheless, a litigant cannot be denied access to the Court's simply because he is an inmate. see __Hudson V. Palmer,__ 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed. 2d 393 (1984), also __Nichols v. Martin,__ 776 S.W. 2d 621, 623, (Tex. App.- Tyler 1989).

WHEREFORE, PREMISES CONSIDERED, Defendant Prays the Court will GRANT his Motion Requesting A Ruling On the face of this Pleading. Alternatively Defendant request the Court Set this Motion for a hearing so Defendant may Present Evidence in support of this Motion.

EXECUTED _____ 2014. Respectfully, Anthony G. Hereford

__DECLARATION__ 28 U.S.C. § 1746, and Vic.A. Civil Practice and Remedies Code, § 132.001-132.003

I Anthony G. Hereford, Jr., T.D.C.J. No. 1864752, being Presently incarcerated in Alfred Hughes Unit in Coryell County, Texas, declare under Penalty of Perjury that the foregoing is true and Correct.

Executed On _____ 2014. Respectfully, Anthony G. Hereford

## CERTIFICATE OF SERVICE

This is to Certify that on _____ 2014, a true and correct Copy of the above and foregoing document was served on the District Attorney's Office Lubbock County by United States mail.

_____
Petitioner

Case Numbers: 2011-432,860, 2012-433,832, 2012-433,833, 2012-433,834, 2011-432,859, 2007-416,857, 2007-416,291, 2012-434,661, 2007-444,857, and 2011-407,099

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 140th DISTRICT COURT |
| VS. | OF |
| ANTHONY GEORGE HEREFORD, Sr., | LUBBOCK COUNTY, TEXAS |

## ORDER

On _____ 2014, came on to be considered Defendants Motion for Conflict Free Counsel, and said Motion is hereby: (GRANTED) (DENIED).

_____
JUDGE PRESIDING

140+ (Exhibit 2)

To: District Clerk BARBARA SUCSY

Please find enclosed Four (4) copies of defendant's Motion for Speedy trial, Motion requesting Ruling, Request For Court Appointed Counsel, and Exhibit 1 (one) in support of Motion Requesting Counsel. I request that such documents be filed with the District Court, and be brought to the Court's attention as soon as Possible.

If the Court Permits I request that a copy be mailed back to me.

Thank You for Your assistance in this matter.

Respectfully *Anthony Hereford*

(3·27·2014)

Anthony Hereford
Alfred Hughes Unit
Rt. 2. Box 4400
Gatesville, TX 76597

Please give a copy to the Prosecutor, and the Judge in the listed Causes. 2012433832, 833, 834, 2012434661, 2011432859, 860, 2007416857.

FILED FOR RECORD
DISTRICT CLERK LUBBOCK CO.
BY _____
_____ DEPUTY
2014 APR -1 AM 11:19

(Exhibit 2A.)

CAUSE No. 2012433832, 2012433833, 2012433834, 2012434661, 2011432859, 2011432860, 2007416857

THE STATE OF TEXAS

VS.

ANTHONY GEORGE HEREFORD JR.,

IN THE 140th DISTRICT COURT

OF

LUBBOCK COUNTY TEXAS

FILED FOR RECORD
DISTRICT CLERK LUBBOCK CO
2014 APR -1 AM 11: 21
BY
DEPUT
BLAINE Due

## MOTION FOR SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, ANTHONY G. HEREFORD JR., Defendant in the listed Cause and Moves the Court to Order a Speedy Trial, and in support of this Motion shows:

I.

Indictment in said Cause No., has been Presented Since the ____ day of ____ 2011 ____. Defendant is currently an inmate in T.D.C.J., and has been imprisoned since the 20th day of July , 2013 and to this 27th day of March 2014 , Defendant has not been accorded due Process and due Course of law as respectively Guaranteed by the United States, and Texas Constitutions. See BARKER v. WINGO, 92 S.Ct. 2182 (1972). Holding: State has duty to bring defendant to trial as well as duty of Insuring that trial is Consistent with due Process. Records will also show State is aware that defendant is INDIGENT, and unable to afford counsel, and therefore should have been Afforded the chance to have Counsel appointed in such Cause by Charging authority.

II.

Defendant asserts that any further delay would result in irreparable harm from loss of witnesses necessary to his defense, and long delay will further impair ability of Defendant to defend himself. See Smith v. Hooey, 89 S.Ct. 575, 393 U.S. 374, 21 L.Ed. 2d 607. Defendant has not waived his Sixth Amendment right to a speedy trial, see BARKER v. WINGO, 92 S.Ct. 2182 (1972), also DICKEY v. FLORIDA, 90 S.Ct. 1564, 398 U.S. 30, 26 L.Ed. 2d 21. Defendant seeks a Speedy Trial in Order that Justice may be done and t he be accorded due Process and due Course of law as respectively Guaranteed by the United States and Texas Constitutions.

# III.

"A Trial Court is required to consider and rule upon a Motion within a reasonable time. see Barnes V. State, 832 S.W. 2d 424, 426 (Tex. App. - Houston [1st. Dist.] 1992) (oris. Proceeding) "When a Motion is Properly filed and Pending before a trial Court, the act of giving consideration and ruling upon that Motion is a _Ministerial Act_, and Mandamus may issue to Compel the trial Judge to act. see Safety-Kleen Corp. V. Garcia, 945 S.W. 2d 268, 269 (Tex. App. - San Antoinio 1997) (orig. Proceeding) see also ELI LILLY and Co. V. Marshall, 829 S.W. 2d 157, 158 (Tex. 1992) (Holding: Trial Court abused its discretion by refusing to Conduct hearing and render decision on Motion). Nevertheless, a litigant cannot be denied access to the Courts simply because he is an inmate. see Hudson V. Palmer, 468 U.S. 517, 523, 104 S. Ct. 3194, 82 L. Ed. 2d. 393 (1984). Nichols V. Martin, 776 S.W. 2d 621, 623 (Tex. App. - Tyler 1989).

WHEREFORE, PREMISES CONSIDERED, Defendant Prays the Court will Grant his Motion for Speedy Trial on the face of this Pleading. Alternatively Defendant request the Court set this Motion for a hearing so Defendant may Present Evidence in support of this Motion.

Respectfully Anthony Hereford
Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, TX 76598
(3.27.14)

WHEREFORE, PREMISES CONSIDERED, Defendant Prays the ... Grant his Motion Requesting Ruling on the face of this Pleading.

Alternatively Defendant request the Court Set this Motion for a hearing So Defendant may Present Evidence in support of this Motion.

RESPECTFULLY *Anthony Hereford*
ANTHONY HEREFORD
Alfred Hughes
Rt. 2 Box 4400
Gatesville, Tx 76597
(3·27·14)

I Declare under Penalty of Pursury the Contents of the foregoing Motion to be True and Correct.

*Anthony Hereford*
ANTHONY HEREFORD
Alfred Hughes
Rt. 2 Box 4400
Gatesville, Tx 76597
(3·27·14)

## CERTIFICATE OF SERVICE

This is to Certify that on <u>March 27th 2014</u>, a true and Correct copy of the above and foregoing document was made available to the District Attorneys office, Lubbock County, by United States Mail.

*Anthony Hereford*
Anthony Hereford
(3·27·14)

CAUSE No. _____

On _____ ____ _____ , Came On to be Considered Defendants Motion Requesting Ruling, and Said Motion is Hereby; (GRANTED) (DENIED).

_____
JUDGE PRESIDING

(Exhibit 2 B)   CAUSE No. 2012433832, 2012433833, 2012433834, 2012434661, 011432859, 2011432860, 2007416857

7        : OF TEXAS                          IN THE 140th DISTRICT COURT
VS.                                          OF
ANTHONY GEORGE HEREFORD JR.                  LUBBOCK COUNTY, TEXAS

## MOTION REQUESTING RULING

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, ANTHONY G. HEREFORD JR., Defendant, and brings this Motion Requesting a Ruling, and in support thereof shows:

1) On the date of __March 27th 2014__, Defendant submitted His Motion For Speedy Trial in Cause No. 2012433832, 2012433832, 2012433834, 2012434661, 2011432859, 2011432860, 2007416857 requesting a speedy trial. No ruling has been issued in reference to Defendants Motion For Speedy Trial. In the intrest of Justice, Defendant request a Ruling be made within Ten (10) working days following this Motion Requesting Ruling. For the Court not to issue a ruling "it" would delay Justice in the listed Cause(s) and Prejudice the Defendant in Preventing him Due Process and Due Course Of Law Guaranteed by the United States and Texas Constitutions. See BARKER V. WINGO, 92 S. Ct. 2182 (1972).

2.) A Trial Court is required to consider and rule upon a Motion within a reasonable time. Barnes V. State, 832 S.W. 2d 424, 426 (Tex. App. - Houston [1st Dist.] 1992) (orig. proceeding); Kissam V. Williamson, 545 S.W. 2d 265, 266-67 (Tex. Civ. App. - Tyler 1976) (orig. proceeding). "When a Motion is properly filed and pending before a trial Court, the act of giving consideration to and ruling upon that Motion is a __Ministerial Act__, and Mandamus may issue to compel the trial Judge to act. See Safety-Kleen Corp. V. Garcia, 945 S.W. 2d 268, 269 (Tex. App. - San Antonio 1997) (orig. proceeding). see also ELI LILLY and Co. V. Marshall, 829 S.W. 2d 157, 158 (Tex. 1992) (holding: Trial Court abused its discretion by refusing to conduct hearing and render decision on Motion). Nevertheless, a litigant cannot be denied access to the Court's simply because he is an inmate. See Hudson V. PALMER, 468 U.S. 517, 523, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Nichols V. Martin, 776 S.W. 2d 621, 623 (Tex. App. - Tyler 1989).

## DECLARATION

1 Declare under Penalty of Pursury the Contents of the foregoing Motion to be true and correct.

Respectfully _Anthony Hereford_
Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, Tx 76597
(3·27·14)

## CERTIFICATE OF SERVICE

This is to Certify that on __March__ __27th__ __2014__, a true and correct copy of the above and foregoing document was made available to the District Attorney's office, Lubbock County, by United States Mail.

Signature: _Anthony Hereford_
Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, Tx 76597
(3·27·14)

## ORDER

Cause No. _____

On _____, came on to be Considered Defendants Motion Requesting Fast And SPEEDY TRIAL, And said Motion is Hereby: (Granted) Or (Denied).

_____
JUDGE PRESIDING

(Exhibit 2C) CAUSE No. 2012433832, 833, 834, 2021346261, 2011432859, 860, 2025416857

THE STATE OF TEXAS

VS.

ANTHONY GEORGE HEREFORD JR.,

IN THE 140th DISTRICT COURT

OF

LUBBOCK COUNTY, TEXAS

## REQUEST FOR COURT APPOINTED COUNSEL PURSUANT TO ARTICLE 1.051, TEXAS CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant, <u>Anthony George Hereford Jr.</u>, and request that the Court appoint counsel to assist him in resolving pending charge(s) in the above-styled cause(s) pursuant to Tex. Code. Crim. Proc. Art. 1.051. Article 1.051 (c) states as follows: " An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement. Defendant's Declaration in support of Right to Representation of Counsel is attached and incorporated hereto as Exhibit 1.

When a Motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that Motion is a <u>Ministerial Act</u>, and Mandamus may issue to compel the trial Judge to act. See Safety-Kleen Crop. V. Garcia, 945 S.W. 2d 268, 269.

Respectfully Submitted

Anthony Hereford

Defendant, Pro Se
ANTHONY HEREFORD
Alfred Hughes Unit
Rt. 2 Box 4400
Gatesville, Tx 76597
(3.27.14)

## DECLARATION IN SUPPORT OF
## RIGHT TO REPRESENTATION BY COUNSEL
## ART. 1.051. TEXAS CODE OF CRIMINAL PROCEDURE

The following Declaration is in support Of Article 1.051 Right to Representation by Counsel in the Texas Code Of Criminal Procedure.

Now respectfully comes Anthony G. Hereford Jr., and declares that I am unable to Pay for an Attorney in Cause No(s) 2012433832, 833, 834, 2012434061, 2011432859, 860, 2007416857, And requests that the Court appoints Counsel, and would Show the Court the following:

(1) I am currently incarcerated in the Hughes Unit Of the Texas Department Of Criminal Justice where I am not Premitted to earn or handle money.

(2.) I have no Source of income nor Spousal income.

(3.) I have _0.45_ credited to me in the Inmate Trust Fund.

(4.) During my incarceration in the Texas Department Of Criminal Justice I have received approximately $30.00_ Per Month as gifts from relatives and friends.

(5.) I neither own nor have an intrest in any realty, Stock, bonds, Or bank accounts; and I receive no intrest Or dividend income from any Source.

(6.) I have _2_ dependents.

(7.) I have total debts of approximately $250.00 Court cost.

(8.) I owe $0.00_ as restitution.

(9.) My monthly expenses are approximately $30.00_.

I Anthony G. Hereford Jr., being Presently incarcerated at the Alfred Hughes Unit Of the Texas Department Of Criminal Justice, in CORYELL County, Texas, verify and declare under Penalty Of Perjury that the foregoing Statements are true and Correct. Executed on this the 27th day Of March 2014.

Signature: _anthony Hereford_      Printed name: _Anthony Hereford_

3·27·14

CASE No.(s) 2012433832, 833, 834, 2012434661, 2011432859, 866, 2007416857

THE STATE OF TEXAS

VS.

ANTHONY GEORGE HEREFORD Jr.

IN THE 140th DISTRICT COURT

OF

LUBBOCK COUNTY, TEXAS

ORDER: APPOINTMENT OF COUNSEL

Came On this day for consideration, the Defendant's request for appointment of counsel to assist him in resolving pending charges in the above-styled cause(s) pursuant to Tex. Code Crim. Proc. art. 1.051. The Court has reviewed Defendant's Declaration in support of Right to Representation by Counsel in this matter and it is hereby:

ORDERED that an attorney shall be appointed to represent Defendant Pursuant to Tex. Code Crim. Proc. art. 1.051. Accordingly, the following attorney is hereby appointed and instructed to contact his/her client regarding this matter:

NAME: _____

ADDRESS: _____

It is further ORDERED that a copy of this Order shall be sent to the Defendant by the Clerk of this Court.

_____

JUDGE PRESIDING.

CERTIFICATE OF SERVICE

I Certify that a copy of the foregoing Motion for Court Appointed Counsel, Exhibit 1, and Order have been mailed, to Mandi Say Prosecutor for the State at _____ address on this the 27th day of March, 2014.

_____ (3.27.

Defendant, Pro Se
Anthony Hereford
Alfred Hughes Unit
Rt. 2 Box 4400

(Exhibit 3) CAUSE No(s). 2012-433,832,833, 834/2012-434

THE STATE OF TEXAS                    IN THE 140th DISTRICT COURT

VS.                                   OF

ANTHONY GEORGE HEREFORD, Jr.,         LUBBOCK COUNTY, TEXAS

---

## MOTION TO DISMISS DUE TO VIOLATION
## OF RIGHT TO SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES Now, Defendant, Anthony George Hereford, Jr. ("Hereford"), who files this Motion To Dismiss Due To Violation Of Right To Speedy Trial, and in support would respectfully show unto this Court the following:

## I. FACTUAL BACKGROUND

1. Hereford, has stood formally charged by indictment in the above entitled cause No(s). over a time period begining in 2007 to 2011, and 2012. The Charges against Hereford, consist of Evading arrest in a motor vehicle (2007), Poss. controlled substance, three counts (2011), Burglary of a habitation (2011), Poss. w/int to del. (2011), and evading arrest in a vehicle (2012). The above listed crime's are simple street level crimes. Hereford, has request a speedy trial by submitting his Motion for Speedy Trial to this Court.

2. Approximately Seven Years (7yrs) have passed from the time Hereford was arrested and indicted for the Evading (2007) Charge, Three Years have passed from the time of the arrest(s) and charge(s) of Poss. w/int to Del. (2011) and Two years (2yrs) for the Evading Charge in 2012.

Page 1 of 11

Because the Seven-Year, three-Year, and Two-Year delays violates Hereford's rights to a speedy trial guaranteed by the Sixth Amendment to the U.S. Constitution and Article I § 10 of the Texas Constitution, as well as Article 1.05 of the Texas Code of Criminal Procedure, this Court should dismiss with Prejudice the Charges against Hereford in all the above listed Cause No(s).

## II. ARGUMENT

1.) The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution. See Barker v. Wingo, 407 U.S. at 515 92 S.Ct. 2182.; Dickey v. Florida, 398 U.S. 30, 37, 90 S.Ct. 1564, 26 L.Ed. 2d 607 (1970); Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed. 2d 1 (1967); Zamorano v. State, 84 S.W. 3d 643, 649 (Tex. Crim. App. 2002); Hull v. State, 699 S.W. 2d 220, 221 (Tex. Crim. App. 1985). The same right is assured by Art. I § 10 of the Texas Constitution and Art. 1.05, of the Texas Code Of Criminal Procedure. Tex. Const. art. I § 10; Tex. Crim. Proc. Code Ann. § 1.05; Zamorano, 84 S.W. 3d at 647.; Hull, 699 S.W. 2d at 221. However, the Texas Court of Criminal Appeals has traditionally analyzed Texas Constitutional speedy Trial Rights Claims under the factors established in Barker v. Wingo; Zamorano v. State, 84 S.W. 3d 643, 648 (Tex. Crim. App. 2002).

2.) The Supreme Court has stated that "on its face, the speedy Trial Clause is written with such breadth that, taken literally, it would forbid the

government to delay the trial of an "accused" for any reason at all." *Dogget v. U.S.* 647, 651, 112 S.Ct. 2686, 120 L.Ed. 2d 520 (1992). Thus in *Barker V. Wingo*, the Court "quatified the literal sweep of the provision" by analyzing the constitutional question in terms of four specific factors:

1. "Whether delay before trial was uncommonly long", *Id.* (citing *Barker V. Wingo*, 407 U.S. at 530, 92 S.Ct. 2182),

2. "Whether the government or the criminal defendant is more to blame for that delay" *Id.*;

3. "Whether, in due course, the defendant asserted his right to a speedy Trial", *Id.*; and

4. "Whether he suffered presudice as the delay's result." *Id.*; *Canntw*, 253 S.W. 3d 273, 280 (Tex. Crim. App. 2008).

3) The Texas Constitutional Speedy Trial right exsist independently of the federal guarantee, but the Court of Criminal Appeals has triditionaly analized claims of a denial of the State Speedy Trial right under the factors established in *Barker V. Wingo*, *Zamorano*, 84 S.W. 3d at 648, see ~~Harris V. State, 827 S.W. 2d 949, 956 (Tex. Crim. App. 1992)~~; see also ~~Hull, 699 S.W. 2d at 221-224.~~

4) Under *Barker V. Wingo*, Courts must analyze federal constitutional trial claims by first weishing the strength of each of the above factors and then balancing their relative weights in light of the

conduct of both the Prosecution and the defendant." 407 U.S. at 530, 92 S.Ct. 2182. None of the four factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Id. at 533, 92 S.Ct. 2182. Instead, they are related factors, which must be considered together along with any other relevant circumstances. Id. No one factor possesses "talismanic qualities" thus Courts must 'engage in difficult and sensitive Balancing Process" in each individual case. Id., Zamorano, 84 S.W. 3d at 648.

## A. Length Of The Delay

1.) The length of the delay between an initial charge and trial act as a triggering mechanism. Barker, 407 U.S. at 530, 92 S.Ct. 2182; Zamorano, 84 S.W. 3d at 648. Unless the delay is Presumptively Presudicial, a Court need not inquire into examining the other three factors. Barker v. ~~Wingo~~ 407 U.S. at 530, 92 S.Ct. 2182., Zamorano, 84 S.W. 3d at 648. Moreover, Under any speedy trial analysis, the longer the delay is, the more presudicial that delay is to the defendant. Zamorano, 84 S.W. 3d at 649.

2.) However, Here the length of the delay is nearly seven, three, and two years for the above listed charge(s). The Court of Criminal Appeals has held that any delay of eight (8) months or longer is Presumptively Un-reasonable and triggers speedy trial analysis. Zamorano, 84 S.W. 3d at 649 n. 26., (citing Harris v. State, 827 S.W. 2d 949, 956 (Tex. Crim. App. 1992)); see also Harris v. State, 827 S.W. 2d 949, 956 (Tex. Crim. App. 1992) (delay of thir-teen months from arrest to Capital Murder trial was Prima facie Unreason-able under circumstances); State v. Munoz, 991 S.W. 2d 818, 822 (Tex. Crim.

App. 1999) (seventeen-month delay from arrest to speedy trial hearing sufficient to trigger Barker Analysis). More critically, however, "because the length of the delay stretches well beyond the bare minimum needed to trigger judicial examination of the claim, this factor - in and of itself weighs heavily against the State." Zamorano, 84 S.W. 3d at 649.

B. Reasons for the Delay

1.) The State has the initial burden of justifying a lengthy delay. Emery v. State, 881 S.W. 2d 702, 708 (Tex. Crim. App. 1994); Mabra v. State, 997 S.W. 2d 770, 779 (Tex. App.-Amarillo 1999, pet. ref'd). In light of a silent record, or one containing reasons insufficient to excuse the delay, it must be presumed that no valid reason for the delay existed. Turner v. State, 545 S.W. 2d 133, 137-38 (Tex. Crim. App. 1976), Mabra, 997 S.W. 2d at 779. Different reasons for the delay should be assigned different weights. A deliberate attempt to delay the trial in order to hamper the defense should weigh heavily against the State, while overcrowded dockets or negligence should weigh less heavily. Barker, 407 U.S. at 531. "Neutral" reasons not attributable to conscious design of the State to delay trial still weighs against the State because the ultimate responsibility for such conditions rest with the State. Id.

2.) Here, the reason for the seven-year, three-year, and two-year delay in the listed case(s) is mainly attributable to the State. There were no court appearances scheduled by the State. Herefords Whereabouts

were at all times known to the State as he was on supervised release, involving a previous charge, and in custody. The delay can be attributed mere negligence, and a purposeful attempt to hamper Hereford's defense; Such a delay weighs in favor of a violation and against the State. Barker, 407 U.S. at 531, 92 S.Ct. at 2192; Zamorano, 84 S.W. 3d at 649.

Alternatively, when the State offers no reason for the delay, this factor also will weigh in favor of a finding of a violation of the right to a speedy trial. Dragoo v. State, 96 S.W. 3d 308, 314 (Tex. Crim. App. 2003); Turner 545 S.W. 2d at 137-38; Mabra, 997 S.W. 2d at 777.

## C. Assertion of the right

1.) As stated previously, Hereford asserted his right to speedy trial on March 27th, 2014. This weighs in his favor. Zamorano, 84 S.W. 3d at 651; Mendez v. State, 212 S.W. 3d 382, 386 (Tex. App. – Austin 2006, Pet. ref'd).

## D. Presudice Caused by the Delay

1.) "Presudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Barker, 407 U.S. at 532, 92 S.Ct. 2162; Zamorano, 84 S.W. 3d at 652. The Supreme Court has identified three such intrests: 1) to prevent oppressive pretrial incarceration; 2) to minimize anxiety and concern of the accused; and 3) and to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532, 92 S.Ct. 2162; Zamorano, 84 S.W. 3d at 652. Of the three intrests

the speedy trial right is designed to protect, the subfactor of "...g+ the possibility that the accused's defense will be impaired is perceived as the most serious because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Dragoo, 96 S.W. 3d at 315 (quoting Barker v. Wingo, 407 U.S. at 532). See also Zamorano, 84 S.W. 3d at 652.

2.) Here, Hereford's ability to present a defense is dramatically impaired by the extraordinary length of time which has passed. Hereford's memory of the events surrounding his arrest on these charges has faded. See Barker, 407 U.S. at 532, 92 S.Ct. 2182. Even so, a proper speedy trial analysis dose not require the defendant to assert any specific prejudice at all to merit relief. Zamorano, 84 S.W. 3d at 652. This is because any delay of inordinate length can have a deleterious effect on a trial in ways unarticulable. Moore v. Arizona, 414 U.S. 25, 26-27, 94 S.Ct. 188, 38 L.Ed. 2d 183 (1973) (per curiam) ["Appellant's failure to cite any specific 'demonstrable' prejudice - that is, impairment of his ability to present potential defenses - dose not doom his claim, since excessive delay can compromise a trial's reliability in unidentifiable ways."). Moreover, the unknowable and unidentifiable nature of the presumed harm is only exac-erbated by the extraordinary passage of time relevant here. As the Supreme Court has said:

[T]hough time can tilt the case against either side ... one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to

recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria... it is part of the mix of relevant facts, and its importance increases with the length of delay." Doggett, 505 U.S. at 655-56, 112 S.Ct. 2686 (alterations in original).

3.) Finally, the second type of prejudice must be assayed since Hereford has been forced to endure the anxiety and concern faced by a person under serious criminal charges. Barker, 407 U.S. at 532, 92 S.Ct. 2182, Zamorano, 84 S.W. 3d at 652. The Court of Criminal Appeals has acknow-leged that in almost every case, the accused will be prejudiced by the anxiety and suspicion hanging over him because of the pending charge. Hull, 699 S.W. 2d at 223.

4.) Based on the combined prejudices inherent in such a lengthy delay, this factor weighs heavily against the State and for finding a violation.

E. Balancing

1) Clearly, the first factor, length of the delay, weighs heavily against the State. See Doggett, 505 U.S. at 657, 112 S.Ct. 2694, (delay of eight and one-half years from indictment to trial "clearly sufficient" to warrant relief); see also Zamorano, 84 S.W. 3d at 654 (delay of three years and ten months in bringing defendants to trial held "clearly prejudicial").

2.) The second factor, reason for the delay, also weighs against the State. Doggett, 505 U.S. at 657, 112 S.Ct. 2694, ("Although negligence is obviously to be weighed more lightly than a deliberate intention to harm

the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun."). Moreover, "[c]ondoning prolonged and unjustifiable delays in prosecution would both penalize many defendants for the State's fault and simply encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority." Id.; Zamorano, 84 S.W. 3d at 655.

3.) The third factor, assertion of his right trial, weighs in Hereford's favor. Zamorano, 84 S.W. 3d at 651.; Mendez, 212 S.W. 3d at 386.

4.) Finally, the fourth factor, prejudice to the accused, also weighs heavily against the State. Delay of such a length impacts negatively on witness' memory, including that of Hereford, himself, see Barker, 407 U.S. at 532, 92 S.Ct., at 2193, and the presumptive prejudice naturally arising from a delay of this excessive length combines with, that to unquestionably hold this factor against the State. Doggett, 505 U.S. at 657, 112 S.Ct. 2694; Zamorano, 84 S.W. 3d at 654-55. Therefore, all of the four factors enunciated by the Supreme Court weigh heavily against the State.

5.) After a careful balancing of the factors involved as

Provided by controlling authority, Hereford has shown himself entitled to the requested relief. _Doggett_, 505 U.S. at 658, 112 S.Ct. 2694; _Zamorano_, 84 S.W. 3d at 654-55; _Hull_, 699 S.W. 2d at 223.

## CONCLUSION

PREMISES CONSIDERED, MOVANT _Hereford_, Prays that this Court grant this Motion in all respects, set this Motion for hearing if necessary, and enter an order granting Defendant all relief requested. Defendant further Prays for any other relief to which he may show himself justly entitled.

Respectfully Submitted,

_Anthony Hereford_ (7·22·14)
Anthony Hereford
Alfred Hughes Unit
Rt. 2 Box 4400
Gatesville, Tx 76597

## DECLARATION

I Declare under Penalty of Purjury the contents of the foregoing Motion to be true and Correct.

Respectfully, _Anthony Hereford_
Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, Tx 76

## CERTIFICATE OF SERVICE

This is to certify that on ___July___ __22__ _2014_ , a true and correct copy of the above and foregoing document was made available to the District Attorney's Office, Lubbock County, by United States Mail.

Signature: _Anthony Hereford_
Anthony Hereford
Alfred Hughes
RF. 2 Box 4400
Gatesville, Tx 76597

## ORDER

Cause No(s). _____

On _____ ___ _____ , came on to be considered Defendant's Motion To Dismiss Due To Violation of Right To Speedy Trial, and Said Motion is Hereby: (Granted) or (Denied).

_____
JUDGE PRESIDING

2704121

NO. **2007 416291**

THE STATE OF TEXAS
    VS.
**ANTHONY G HEREFORD JR**

PID: 162,702    DOB: 05/09/1985
Felony Charge: **POSS INT DEL CS PG1 4-200**
District Court No: 140

| | |
|---|---|
| Bail: | **$25,000** |
| Date Prepared: | April 25, 2007 |
| Ref#: | 900125573 |
| Agency/Rpt#: | LPD / 07-15005 |
| Arrest Date: | 03/25/2007 |
| Prior Cause No: | |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,

    The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD JR**, hereafter styled the Defendant, heretofore on or about the 24th day of March, A.D. 2007, did then and there knowingly possess, with intent to deliver, a controlled substance listed in penalty group one, namely cocaine, by aggregate weight, including adulterants and dilutants, less than two hundred {200} grams, but at least four {4} grams;

*Enhancement*

and it is further presented in and to said court, that prior to the commission of the aforesaid offense by the said ANTHONY HEREFORD JR, on the 14th day of January, A.D. 2005, in the 140th District Court of Lubbock County, Texas, in cause number 2003-401,707, the said ANTHONY HEREFORD JR, was convicted of a felony, to-wit: Possession W/Intent to Del a Controlled Substance, and said conviction became final prior to the commission of the aforesaid offense;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

*Carlos M. Quintero*
Foreman of the Grand Jury

PRESENTED THIS **22** DAY OF _____*May*_____, A.D. 20**07**

02900125573009
INDT - INDICTMENT FILED DIST COURT
Case No: 2007416291

2007 MAY 23 AM 8:10
FILED DISTRICT CLERK LUBBOCK CO.

INDICTMENT/ORIGINAL

8

(Exhibit 4 B)

CAUSE No. 2007-416291

THE STATE OF TEXAS
VS.

Anthony G. Hereford Jr

IN THE 140th DISTRICT COURT
OF Lubbock COUNTY, TEXAS

_____ JUDICIAL

DISTRICT

FILED FOR RECORD
DISTRICT CLERK LUBBOCK CO.
2010 MAR -9 PM 3:49
BY _____ DEPUTY

## MOTION FOR SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT

Anthony G. Hereford Jr Defendant moves the Court to order a speedy trial and in support of this motion shows:

### I.

An indictment in this action has been presented. Defendant is currently an inmate in TDCJ. The indictment in said Cause No., has been presented since the 22 Day of May A.D. 2007. Defendant has been incarcerated since the 25th Day of March, 2007 and to this 27th Day of January 2010 Defendant has not been accorded due Process and due Course of law as respectively guaranteed by the United States and Texas Constitutions. See, Barker v. Wingo, 92 S.Ct. 2182 (1972), Holding: State has duty to bring defendant to trial as well as duty of insuring that trial is consistent with due process. Records will also show that the State is aware, or should be aware that defendant is INDIGENT, unable to afford counsel, and therefore should have been afforded the chance to have counsel appointed in such Cause No. by charging authority.

### II.

Defendant has not waived his Sixth Amendment right to a speedy trial. See, Barker v. Wingo, 92 S.Ct. 2182 (1972), also Dickey v. Florida, 90 S.Ct. 1564, 398 U.S. 30, 26 L.Ed. 2d 26. Defendant seeks a speedy trial in order that justice may be done and that he be accorded due Process and due Course of law as respectively guaranteed by the United States and Texas Constitutions. See Barker v. Wingo, 92 S.Ct. 2182 (1972).

### III.

Defendant asserts that any further delay would result in irreparable harm due to loss of witness necessary to his defense, and long delay will further impair ability of Defendant to defend himself. See, Smith v. Hooey, 89 S.Ct. 575, 393 U.S. 374, 21 L.Ed. 2d. 607.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion for Speedy Trial and Orders have been mailed, Certified mail, return-receipt requested/hand delivered to __Mandi Say__ Prosecutor for the State at __P.0. Box 10536__ (address), on this the _____ day of _____ «month» 20__ «year».

_Anthony Hereford_
Defendant, Pro Se
Printed name: __Anthony G. Hereford Jr__
TDCJ NO. __1523411__
TDCJ Unit __Hughes Unit__
__Rt. 2 Box 4400__
Address Route and/or Box Number
__Gatesville__, Texas __76597__

I Anthony G. Hereford Jr, being presently incarcerated in TDCJ Hughes Unit in __Coryell County__, Texas, declare under penalty of perjury that the foregoing is true and correct.
Executed on __January 27 2010__           _Anthony Hereford_
                                              Signature

(Exhibit 5A)     CAUSE No. <u>2007-416291</u>

ANTHONY GEORGE HEREFORD JR.          IN THE 140th DISTRICT COURT

Vs.                                   OF

THE STATE OF TEXAS                    LUBBOCK COUNTY, TEXAS

## MOTION FOR
## <u>CONFLICT FREE COUNSEL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Anthony G. Hereford Jr., in Cause No. 2007-416-291, request Counsel Free Of Conflict be appointed to litigate Defendant's Direct Appeal, following the Trial and Conviction had in the listed Court On the 15th day Of May (month) 2013 (year).

1.) Counsel Shannon Geihsler, has suddenly been removed as attorney Of record, and Karen Jordan, on the date 12·10·13, was assigned as attorney Of record in the above listed cause number.

2.) Court records will show Counsel Karen Jordan, represented Defendant during an important phase of his criminal trial, along Side her spouse David Crook. Defendant has made objections against Counsel's husband being ineffective throughout his Criminal trial. The close relationship of Counsel Karen Jordan, and Counsel David Crook, creates a conflict of intrest for Defendant and Counsel's representation in his appeal.

3.) Counsel is the wife of the lead Counsel in defendants Criminal Trial this relationship creates a Clear Personal Conflict Of intrest Preventing Counsel from adequately representing defendant in his appeal. Karen Jordan, will be reluctant in being effective, out of fear of tarnishing her husbands name as a Professional. Under the Sixth Amendment Counsel must Preform at least as well

as a lawyer with ordinary training and skill in the Criminal law and must conscientiously protect his/her clients intrest, Undeflected by conflicting considerations. see Beasley v. U.S., 491 F.2d 687, 696. also see CUYLER v. Sullivan, 100 S.Ct. 1708, holding; multiple representation in a Criminal offense is a conflict of intrest that dose not require a show of Presudice to be unconstitutionally endangering to defendant's right to Counsel.

4.) Defendant request this Motion be set aside for a hearing to resolve any further Good Cause to remove Counsel, Karen Jordan that may need to be Addressed by the Court.

5.) Defendant further ask that no Court Proceedings be held with Counsel, Karen Jordan, as attorney of record, for the conflict of intrest is not one which can be resolved. The Sixth Amendment requires an inquiry into the Possibility of conflicts. see COLON v. FOGG, 603 F.2d 403, 407.

WHEREFORE, PREMISES CONSIDERED, Defendant, Prays the Court will Grant His Motion For Conflict Free Counsel on the face of this Pleading. Alternatively Defendant request the Court set this Motion for a hearing so Defendant may Present evidence in support of this Motion.

Respectfully

Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, TX 76597

I Declare under Penalty of Pursury the contents of the foregoing Motion to be true and correct.

Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, TX 76597

(Exhibit 5 B)

CAUSE No. 2007-416291

THE STATE OF TEXAS

Vs.

ANTHONY GEORGE HEREFORD Jr.,

IN THE 140TH District Court

OF

LUBBOCK COUNTY, TEXAS

## MOTION REQUESTING A RULING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ANTHONY HEREFORD, Defendant, and brings this MOTION REQUESTING A RULING, and in Support Thereof Shows:

1.) On the date of January 7th, 2014, Defendant Submitted His Motion For Conflict Free Counsel In Cause No. 2007-416291, requesting Conflict Free Counsel be appointed to litigate Defendants Direct Appeal.

2.) No ruling has been issued in reference to Defendant's Motion For Conflict Free Counsel. In the intrest of Justice, Defendant again request a Ruling be made within Ten (10) working days following this Motion Requesting a Ruling. For the Court to not issue a Ruling Would delay Justice in the listed Cause, and Prejudice the Defendant in Preventing him an effective defense On Direct Appeal.

3.) A Trial Court is required to consider and rule upon a Motion within a reasonable time. Barnes v. State, 832 S.W. 2d 424, 426 (Tex. App.- Houston [1st Dist.] 1992) (orig. Proceeding); Kissam v. Williamson, 545 S.W. 2d 265, 266-67 (Tex. Civ. App. - Tyler 1976) (orig. Proceeding). "When a Motion is Properly filed and Pending before a trial Court, the act of giving consideration to and ruling upon that Motion is a Ministerial act, and mandamus may issue to Compel the trial Judge to act." Safety-Kleen Corp. V. Garcia, 945

S.W. 2d 268, 269 (Tex. App. - San Antonio 1997) (orig. Proceeding.) see also Eli Lilly and Co. V. Marshall, 829 S.W. 2d 157, 158 (Tex. 1992) (holding trial court abused its discretion by refusing to conduct hearing and render decision on Motion.); Chiles V. Schuble, 788 S.W. 2d 205, 207 (Tex. App. - Houston [14th Dist.] 1990. Nevertheless, a litigant cannot be denied access to the courts simply because he is an inmate. See Hudson V. Palmer., 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed. 2d 393 (1984); Nichols V. Martin, 776 S.W. 2d 621, 623 (Tex. App. - Tyler 1989).

WHEREFORE, PREMISES CONSIDERED, Defendant Prays the Court will grant his Motion Requesting A Ruling on the face of this Pleading. Alternatively Defendant request the Court set this Motion for a hearing so Defendant may present evidence in support of this Motion.

Respectfully

Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, Tx 76597

I Declare under Penalty of Purjury the contents of the foregoing Motion to be true and correct.     Signature _____

Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, Tx 76597

## CERTIFICATE OF SERVICE

This is to CERTIFY That On _____ ____ 2014, A true and Correct Copy of the above and foregoing document was Made available to the District Attorney's office, Lubbock County, by United States Mail.

Respectfully,

_____

Anthony Hereford
Alfred Hughes
Rt. 2 Box 4400
Gatesville, TX 76597

Cause No 2007-416291

## ORDER

On _____ ____ 2014 Came on to be Considered Defendant's Motion Requesting A Ruling, and said Motion is Hereby:

(GRANTED) (DENIED).

_____

JUDGE PRESIDING.

(Exhibit 5 C)

# Notice of Removal and Assignment of Counsel

# APPEAL

DATE: 01/15/2014

FILED FOR RECORD
DISTRICT CLERK LUBBOCK CO.
BY
DEPUTY
2014 JAN 22 AM 9:15

DEFENDANT'S NAME:  ANTHONY HEREFORD

CAUSE NUMBER/OFFENSE: 2007-416291 MAN DEL CS PG 1>=4G<200G (F1)

Karen Jordan is removed as attorney of record for the cause number listed above and **Allisonk** *(9429)*
**Clayton** is assigned as attorney of record for the above listed cause number.

ATTORNEY'S TELEPHONE NUMBER: 773-6029

ATTORNEY'S ADDRESS: 4613 120th St.

BOND COMPANY:  IN JAIL

Assignment approved by:

**George H. Nelson, Chief Defender**
Lubbock Private Defenders' Office
1504 Main Street
Lubbock, Texas  79401

02900125573271
NOTC - NOTICE
Case No: 2007416291

(Exhibit (A))

NO. **2012 433832**

THE STATE OF TEXAS
    VS.
**ANTHONY HEREFORD JR**

| | |
|---|---|
| Bond: | **$20,000** |
| Date Prepared: | January 09, 2012 |
| Ref#: | 900191529 |
| Agency/Rpt#: | LPD / 11-38858 |
| Arrest Date: | / / |
| Prior Cause No: | |

PID:  162702    DOB:  05/09/1985
Felony Charge:  **PCS PG1 W/INT 1-4G DFZ**
District Court No:  *140*

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,

The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD JR**, hereafter styled the Defendant, heretofore on or about the 6th day of September, A.D. 2011, did then and there knowingly possess, with intent to deliver, a controlled substance, namely, cocaine, in an amount of one gram or more but less than four grams;

And it is further presented in and to said Court that the defendant committed the above offense within 1,000 feet of the premises of a school, further described as Isles Elementary School ;

Enhancement

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 13th day of January, 2005, in cause number 2003-401,707 in the 140th District Court of Lubbock County, Texas, the defendant was convicted of the felony offense of Possession of a Controlled Subsance with Intent to Deliver;

02900191529009
INDT - INDICTMENT FILED DIST COURT
Case No: 2012433832

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
Foreman of the Grand Jury

PRESENTED THIS _14_ DAY OF _____ , A.D. 20 _12_

INDICTMENT/ORIGINAL

(Exhibit 6 F)

NO. **2011**432860

2011012527

THE STATE OF TEXAS
     VS.
**ANTHONY HEREFORD JR**

| | | |
|---|---|---|
| Bond: | $5,000 | |
| Date Prepared: | November 01, 2011 | |
| Ref#: | 900189661 | |
| Agency/Rpt#: | LPD / 11-41815 | |
| Arrest Date: | 09/28/2011 | |

PID:  162702    DOB:  05/09/1985
Felony Charge:  **PCS PG1 W/INT DEL <1G**
District Court No:  *140*

Prior Cause
No:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,

The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD JR**, hereafter styled the Defendant, heretofore on or about the 28th day of September, A.D. 2011, did then and there knowingly possess, with intent to deliver, a controlled substance, namely, cocaine, in an amount of less than one gram;

0290018966100g
INDT - INDICTMENT FILED DIST COURT
Case No: 2011432860

2011 NOV 16 AM 7:55

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
Foreman of the Grand Jury

PRESENTED THIS _15_ DAY OF ___November___, A.D. 20_11_

INDICTMENT/ORIGINAL

(Exhibit 6B)

NO. **2012 433833**

THE STATE OF TEXAS
      VS.
**ANTHONY HEREFORD JR**

| | | |
|---|---|---|
| Bond: | **$20,000** |
| Date Prepared: | January 09, 2012 |
| Ref#: | 900191528 |
| Agency/Rpt#: | LPD / 11-39969 |
| Arrest Date: | / / |
| Prior Cause No: | |

PID:   162702     DOB:   05/09/1985

Felony Charge:   **PCS PG1 W/INT 1-4G DFZ**

District Court No:   _140_

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,

The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD JR**, hereafter styled the Defendant, heretofore on or about the 14th day of September, A.D. 2011, did then and there knowingly possess, with intent to deliver, a controlled substance, namely, cocaine, in an amount of one gram or more but less than four grams;

And it is further presented in and to said Court that the defendant committed the above offense within 1,000 feet of the premises the premises of a school, further described as Shapes Learning Academy;

### Enhancement

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 13th day of January, 2005, in cause number 2003-401,707 in the 140th District Court of Lubbock County, Texas, the defendant was convicted of the felony offense of Possession of a Controlled Substance with Intent to Deliver;

0290019152 8009
INDT - INDICTMENT FILED DIST COURT
Case No: 2012433833

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
Foreman of the Grand Jury

PRESENTED THIS __14__ DAY OF _____, A.D. 20 _12_

INDICTMENT/ORIGINAL

(Exhibit C C)

NO **2012   433834**

THE STATE OF TEXAS
    VS.
**ANTHONY HEREFORD JR**

PID:    162702          DOB:    05/09/1985
Felony Charge:    **PCS PG1 W/INT 1-4G DFZ**
District Court No:    **140**

Bond:              **$20,000**
Date Prepared:     January 09, 2012
Ref#:              900191527
Agency/Rpt#:       LPD / 11-41123
Arrest Date:       / /
Prior Cause
No:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,

The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD JR**, hereafter styled the Defendant, heretofore on or about the 22nd day of September, A.D. 2011, did then and there knowingly possess, with intent to deliver, a controlled substance, namely, cocaine, in an amount of one gram or more but less than four grams;

And it is further presented in and to said Court that the defendant committed the above offense within 1,000 feet a playground , to-wit: Lusk Park.

Enhancement

And it is further presented in and to said Court, that prior to the commission of the aforesaid offense, on the 13th day of January, 2005, in cause number 2003-401,707 in the 140th District Court of Lubbock County, Texas, the defendant was convicted of the felony offense of Possession of a Controlled Substance with Intent to Deliver;

0290191527009
INDT - INDICTMENT FILED DIST COURT
Case No: 2012433834

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
Foreman of the Grand Jury

PRESENTED THIS __14__ DAY OF _____, A.D. 20__12__

INDICTMENT/ORIGINAL

(Exhibit (ed))

NO. **2012    434661**

THE STATE OF TEXAS
        VS.
**ANTHONY HEREFORD**

PID:    162702        DOB:    05/09/1985
Felony Charge:    **EVADE ARREST/DET W/VEH**
District Court No:

Bond:    **$50,000**
Date Prepared:    April 11, 2012
Ref#:    900196005
Agency/Rpt#:    LPD / 12-7276
Arrest Date:    / /
Prior Cause
No:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,

The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD**, hereafter styled the Defendant, heretofore on or about the 1st day of March, A.D. 2012, did then and there, while using a motor vehicle, intentionally flee from JASON NUSS, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant;

02900196005007
INDT - INDICTMENT FILED DIST COURT
Case No: 2012434661

FILED FOR RECORD
DISTRICT CLERK LUBBOCK CO.
2012 APR 25 AM 8:05
BY
DEPUTY

AGAINST THE PEACE AND DIGNITY OF THE STATE

Foreman of the Grand Jury

PRESENTED THIS 24 DAY OF ____April____, A.D. 20 12

INDICTMENT/ORIGINAL

**2007-444857**

NO. _____

FILED FOR RECORD
2007 JUN -4 PM 4: 16
2705651

THE STATE OF TEXAS
  VS.
**ANTHONY G HEREFORD JR**

Bail: $750
Date Prepared: May 29, 2007
Ref#: 900127077
Agency/Rpt#: LPD 07-20581
Arrest Date: **04/22/2007**

PID: 162,702    DOB: 05/09/1985
Misdemeanor Charge: **POSS MARIHUANA < 2 OZ**

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

     Comes now the undersigned Assistant Criminal District Attorney of Lubbock County, Texas, in behalf of the State of Texas, and presents in and to the County Court at Law No. of Lubbock County, Texas, that in Lubbock County, Texas, **ANTHONY HEREFORD JR,** hereafter styled the Defendant, heretofore on or about 21st day of April, A.D. 2007, did then and there intentionally and knowingly possess a usable quantity of marihuana of not more than two ounces;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

    Assistant Criminal District Attorney
    of Lubbock County, Texas **Jason H. Howard**
      **State Bar No. 24052175**

INFORMATION

NO. **2011** **432859**

2011012527

THE STATE OF TEXAS
     VS.
**ANTHONY HEREFORD JR**

PID:  162702     DOB:   05/09/1985
Felony Charge:  **BURG HAB W/INT OTH FELONY**
District Court No:  *140*

Bond:         **$10,000**
Date Prepared:  November 01, 2011
Ref#:        900189660
Agency/Rpt#:  LPD / 11-41815
Arrest Date:   09/28/2011
Prior Cause
No:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,

The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD JR**, hereafter styled the Defendant, heretofore on or about the 28th day of September, A.D. 2011, did then and there, with intent to commit the felony offense of Possession of a Controlled Substance, enter a habitation, without the effective consent of HENRETTA MITCHELL, the owner thereof.

0290018966009
INDT - INDICTMENT FILED DIST COURT
Case No: 2011432859

2011 NOV 16 AM 7: 55

AGAINST THE PEACE AND DIGNITY OF THE STATE

*Leah Cleavinger*
Foreman of the Grand Jury

PRESENTED THIS *15* DAY OF _____, A.D. 20 *11*

INDICTMENT/ORIGINAL

(Exhibit 69)

THE STATE OF TEXAS
    VS.
**ANTHONY G HEREFORD JR**

PID: 162,702 DOB: 05/09/1985
Felony Charge: EVADING ARREST/DET W/VEH
District Court No:

| | |
|---|---|
| Bail: | **$25,000** |
| Date Prepared: | June 20, 2007 |
| Ref#: | 900128800 |
| Agency/Rpt#: | LPD / 07-26068 |
| Arrest Date: | |
| Prior Cause No: | |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,
  The duly organized Grand Jury of the District Court of Lubbock County, Texas, presents in and to said Court that:

In Lubbock County, Texas, **ANTHONY HEREFORD JR**, hereafter styled the Defendant, heretofore on or about the 19th day of May, A.D. 2007, did then and there intentionally flee from Tony Williams, a peace officer, who the defendant knew to be a peace officer attempting to lawfully arrest and detain the said defendant, and further the said defendant used a vehicle while the actor was in flight;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman of the Grand Jury

PRESENTED THIS ___ DAY OF __July__ , A.D. 20__

02900128800008
INDT - INDICTMENT FILED DIST COURT
Case No: 2007416857

2007 JUL 11 AM 7:40

INDICTMENT/ORIGINAL

(Exhibit 7 A)

# State Commission on Judicial Conduct



**Officers**
Tom Cunningham, Chair
Steven L. Seider, Vice Chair
Patti H. Johnson, Secretary

**Members**
Sid Harle
Karry K. Matson
Joel P. Baker
Edward J. Spillane, III
Martha M. Hernandez
Diane D. Threadgill
M. Sue Kurita
David Gaultney
Valerie E. Ertz
Ricky A. Raven

**Executive Director**
Seana Willing

December 27, 2012

**CONFIDENTIAL**

Anthony G. Hereford Jr
Lubbock County Jail 144054
PO Box 10535
Lubbock TX   79408-3535

Re:     CJC No. 13-0329-DI

Dear Mr. Hereford:

We have received your complaint against a Texas judge. All complaints receive a thorough review and investigation relevant to the allegations, and are presented to the Commission. After its consideration, the Commission may dismiss a complaint, impose sanctions against a judge, or take other appropriate action. The Commission's actions are governed by Article V, Section 1-a of the Texas Constitution and Chapter 33 of the Texas Government Code.

Please be advised that our proceedings are confidential. We are prohibited by Section 33.033(c) of the Texas Government Code from identifying by name the judge against whom you have filed a complaint. In order to assist us with our investigation, please reference the above-listed CJC case number in all future correspondence. Additionally, if you intend to submit additional documents for our consideration, please send photocopies.

For your additional assistance, we have enclosed an information sheet that will explain more completely the process involved in investigating allegations of judicial misconduct.

We will inform you in writing of the Commission's action on your complaint.

If you have any questions or need additional information, please contact our office. When calling, please mention the above-listed CJC case number so as to expedite your phone call.

**STATE COMMISSION ON JUDICIAL CONDUCT**

Enclosure

PO Box 12265
Austin TX  78711-2265

www.scjc.state.tx.gov

(512) 463-5533
Toll-Free (877) 228-5750

(Exhibit 7 B)

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

January 3, 2013

Anthony Hereford
#144054
P.O. Box 10535
Lubbock, Texas 79408

Re:    S0121228128  Anthony Hereford - David Matthew Crook

Dear Mr. Hereford:

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has received your grievance against the above named lawyer.

Lawyers licensed in Texas are governed by the Texas Disciplinary Rules of Professional Conduct, and may only be disciplined when their conduct is in violation of one or more of the disciplinary rules. After examining your grievance, this office has determined that the information alleged does not demonstrate professional misconduct or an attorney disability. Accordingly, this grievance has been classified as an Inquiry and has been dismissed.

You may appeal this determination to the Board of Disciplinary Appeals. **Your appeal must be submitted directly to the Board in writing, using the enclosed form, within thirty (30) days of receipt of this notice.**

Instead of filing an appeal with the Board of Disciplinary Appeals, you may amend your grievance and re-file it with additional information, **within twenty (20) days** of receipt of this notice.

Please note that, while you have the option of appealing the dismissal of your grievance **or** amending and re-filing it with additional information, **you may not take both actions simultaneously**.

The State Bar of Texas maintains the Client-Attorney Assistance Program (CAAP). You may have already visited with the staff of that program prior to filing your grievance. Pursuant to the State Bar Act, all dismissed grievances (other than where the person complained about is deceased, disbarred, or not a lawyer) shall be referred to CAAP. In accordance with that requirement, please be advised that CAAP can attempt to resolve your matter through mediation or other dispute resolution procedures. CAAP is not a continuation of the attorney disciplinary process and participation by both you and the attorney is voluntary. Should you desire to pursue that process, you may contact CAAP at 1-800-932-1900.

*(Exhibit 7C)*

# State Commission on Judicial Conduct

**Officers**
Steven L. Seider, Chair
M. Sue Kurita, Vice Chair
Valerie E. Ertz, Secretary

**Members**
Patti H. Johnson
Joel P. Baker
Edward J. Spillane, III
Martha M. Hernandez
Diane D. Threadgill
Ricky A. Raven
Demetrius K. Bivins
Douglas S. Lang
Orlinda L. Naranjo
David M. Russell

**Executive Director**
Seana Willing



October 10, 2014

**CONFIDENTIAL**

Anthony George Hereford Jr
Hughes Unit 1864452
Rt 2 Box 4400
Gatesville TX 76597-1010

    Re: CJC No. 15-0124-DI

Dear Mr. Hereford:

    We have received your complaint against a Texas judge. All complaints receive a thorough review and investigation relevant to the allegations, and are presented to the Commission. After its consideration, the Commission may dismiss a complaint, impose sanctions against a judge, or take other appropriate action. The Commission's actions are governed by Article V, Section 1-a of the Texas Constitution and Chapter 33 of the Texas Government Code.

    Please be advised that our proceedings are confidential. We are prohibited by Section 33.033(c) of the Texas Government Code from identifying by name the judge against whom you have filed a complaint. In order to assist us with our investigation, please reference the above-listed CJC case number in all future correspondence. Additionally, if you intend to submit additional documents for our consideration, please send photocopies.

    For your additional assistance, we have enclosed an information sheet that will explain more completely the process involved in investigating allegations of judicial misconduct.

    We will inform you in writing of the Commission's action on your complaint.

    If you have any questions or need additional information, please contact our office. When calling, please mention the above-listed CJC case number so as to expedite your phone call.

                                  **STATE COMMISSION ON JUDICIAL CONDUCT**

Enclosure